**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Azzinaro, *et al.*, <br> Plaintiffs, <br> v. <br> Shyft Group Incorporated, *et al.*, <br> Defendants. | No. CV-21-01990-PHX-JJT <br><br> **ORDER** |

At issue is Plaintiffs Anthony Azzinaro and Kathryn Lindsay's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses: (1) Comparative Fault of Non-Parties, and (2) State of the Art. (Doc. 85; Doc. 86, MSJ.) Defendants The Shyft Group, Inc. and The Shyft Group USA, Inc. filed a Response (Doc. 97, Resp.) and Plaintiffs filed a Reply (Doc. 101, Reply). Also at issue is Plaintiffs' related Motion to Preclude Testimony of James J. Keough, Jr. (Doc. 83), to which Defendants filed a Response (Doc. 89) and Plaintiffs filed a Reply (Doc. 96). The Court resolves these Motions without oral argument. LRCiv 7.2(f).

**I.  BACKGROUND**

On October 27, 2019, Plaintiffs were driving their Recreational Vehicle ("Subject RV") on the freeway in Cochise County, Arizona, when the front passenger-side tire ruptured and the Subject RV burst into flames, causing severe injuries to Plaintiffs. (Doc. 1-1, Compl.) Plaintiffs claim the Subject RV's fuel fill line was "unprotected," and

the tire blowout knocked the fuel fill line from the fuel tank, causing the fire and Plaintiffs' injuries. (Compl. ¶ 30.) Defendants designed and manufactured the Subject RV's chassis, and non-party Fleetwood Enterprises, Inc. designed and manufactured the Subject RV's body and assembled the vehicle.

Plaintiffs raise two claims against Defendants based on their design of the allegedly unprotected fuel line and its placement: (1) Strict product liability for a design defect, and (2) Negligence in the design of the Subject RV's chassis. (Compl. ¶¶ 35–49.) Plaintiffs now ask the Court to exclude certain testimony of Defendants' expert, James J. Keough, Jr., regarding the design of the Subject RV, the fuel spillage in the accident, and prior repairs to the Subject RV. (Doc. 83.) They also move for partial summary judgment on two of Defendants' affirmative defenses.

## II.     MOTION TO PRECLUDE TESTIMONY OF JAMES J. KEOUGH, JR.

### A.     Legal Standard

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.* (*Daubert*), 509 U.S. 579, 589 (1999). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592–93. Factors to consider in this assessment include: whether the methodology can be tested; whether the methodology has been subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593–94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is applicable to testimony concerning scientific and non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S.

137, 141 (1999). However, the *Daubert* factors may not apply to testimony that depends on knowledge and experience of the expert, rather than a particular methodology. *U.S. v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (citation omitted) (finding that *Daubert* factors do not apply to police officer's testimony based on 21 years of experience working undercover with gangs). An expert qualified by experience may testify in the form of opinion if his or her experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579.

The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire Co.*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted).

**B.     Analysis**

Plaintiffs contend that Defendants' expert, Mr. Keough, should not be permitted to testify as to his conclusions regarding the Subject RV design, fuel spillage in the accident, or prior damage and repairs to the Subject RV because they are not based on adequate facts or data and he did not apply a reliable methodology in reaching his conclusions. (Doc. 83 at 8.) The Court disagrees.

Mr. Keough's expert reports (Doc. 83-1 Exs. 1, 2) identify the numerous materials he relied on to reach his conclusions, including engineering drawings and specifications from both Defendants and Fleetwood, industry standards, case materials, and prior insurance claims for damage to the Subject RV, among other materials, and his reports include detailed observations and photographs from two inspections of the remains of the Subject RV and an inspection of an exemplar RV. The reports also describe Mr. Keough's extensive, relevant experience in RV design and manufacture. The reports, read as a whole,

adequately describe the facts, data, and experience relied on by Mr. Keough, and even where not explicitly expressed, his methodology—relying on the facts, data, and his experience—is sufficiently clear. As Defendants state in their Response (Doc. 89 at 12), Plaintiffs may challenge the weight of Mr. Keough's testimony at trial, but his proposed testimony is adequately reliable under Rule 702.[1]

To the extent Plaintiffs argue that Mr. Keough's opinions are irrelevant, or the prejudice resulting from his testimony would substantially outweigh its probative value under Rule 403, the Court also disagrees. Plaintiffs challenge the value of Mr. Keough's opinion about the design and safety of the fuel tank location (Doc. 83 at 8), but that subject is clearly relevant to a fact-finder's determination of the cause of a fuel spill in an accident. Likewise, Mr. Keough's opinions regarding modifications made to the tires and structure of the Subject RV after its manufacture—some resulting from prior damage to the Subject RV—are admissible to the extent they may help describe the accident or Mr. Keough can show they may have contributed to the accident or the resulting damage. Defendants may also present evidence of Fleetwood's possible fault, as further discussed *infra*; indeed, Plaintiffs do not seek summary judgment on Defendants' affirmative defense with respect to Fleetwood's comparative fault. For all these reasons, the Court will deny Plaintiffs' Motion to Preclude Mr. Keough's Testimony (Doc. 83).

### III.    MOTION FOR PARTIAL SUMMARY JUDGMENT

####    A.    Legal Standard

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[1] Moreover, Plaintiffs do not show that Defendants' disclosure of Mr. Keough's reports failed to comply with Federal Rule of Civil Procedure 26(a)(2)(B).

242, 248 (1986)). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 232. When the moving party does not bear the ultimate burden of proof, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party carries this initial burden of production, the nonmoving party must produce evidence to support its claim or defense. *Id.* at 1103. Summary judgment is appropriate against a party that "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, as long as it is supported by affidavits or other evidentiary material. *Anderson*, 477 U.S. at 255. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." (citation omitted)).

**B.     Analysis**

    **1.     Comparative Fault**

Plaintiffs contend they are entitled to summary judgment on most of Defendants' affirmative defense regarding comparative fault. Specifically, Plaintiffs argue that

Defendants have not produced evidence creating a genuine dispute of fact that non-parties Bridgestone Americas Tire Operations, LLC; Unknown Tire Manufacturer; Goodyear Tire & Rubber Company; REV Group Inc.; Lazydays RV Super Center; Cummins Power South, LLC; and Tyron USA may be wholly or partially at fault for causing the accident or plaintiffs' injuries or damages. (*See* Doc. 27, Defs.' First Supplemental Notice of Non-Parties at Fault.) Plaintiffs do not argue they are entitled to summary judgment as to Defendants' affirmative defense regarding comparative fault as it pertains to Fleetwood Enterprises, Inc.

Under Arizona's comparative fault system, a defendant is liable "only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault." A.R.S. § 12-2506(A). "In assessing the 'percentage of fault' of each defendant, the fact-finder must assess the fault of any nonparties who have been timely and properly designated and who contributed to the injuries or damages." *Zuern by and through Zuern v. Ford Motor Co.*, 937 P.2d 676, 680 (Ariz. Ct. App. 1996). The fact-finder must consider the fault of all persons who contributed to the injuries or damages "regardless of whether the person was, or could have been, named as a party to the suit." A.R.S. § 12-2506(A). The Arizona Supreme Court "has made clear that comparative fault principles apply to strict product liability actions." *Id.* at 681.

In Defendants' Response to Plaintiffs' Motion, Defendants agree that the Court should dismiss the affirmative defense as it pertains to all the named entities except REV Group and, of course, Fleetwood, which Plaintiffs did not include in their request for summary judgment. (Resp. at 2.) With regard to REV Group, Defendants contend that after Fleetwood filed for Chapter 11 bankruptcy protection in 2009, REV Group acquired Fleetwood's assets and thereby assumed Fleetwood's liabilities. (Doc. 27 at 3–4; Resp. at 6.) For their part, Plaintiffs maintain that Defendants have not produced sufficient evidence from which a fact-finder could conclude that REV Group stepped into Fleetwood's shoes as to its liability or fault. (Reply at 2.)

To the extent Plaintiffs argue, or at least imply, that Defendants cannot name *both* Fleetwood and REV Group as non-parties at fault, the Court agrees. In the calculation of comparative fault, Fleetwood and REV Group constitute only one non-party possibly at fault—Fleetwood, in its conduct designing the body and assembling the Subject RV, or REV Group, as successor-in-interest to Fleetwood's assets and potentially for Fleetwood's conduct. Defendants do not demonstrate independent conduct on the part of REV Group that would make it independently at fault.

Defendants also do not demonstrate to the Court how REV Group's purchase of Fleetwood's assets and use of its trademark are relevant in this case other than to tie evidence obtained from REV Group back to Fleetwood. Neither REV Group nor Fleetwood is a party to this lawsuit, so a determination of which (if either) could be liable for damages is not before the Court. As a result, a fact-finder need not determine whether REV Group stepped into Fleetwood's shoes for the purpose of fault. Indeed, that issue may simply confuse the fact finding required in this case.

It is Fleetwood's conduct with regard to design and assembly of the Subject RV, and not REV Group's subsequent purchase of Fleetwood's assets, that matters to a fact-finder's determination of comparative fault. Accordingly, the Court agrees with Plaintiffs that they are entitled to summary judgment on Defendants' affirmative defense of comparative fault as to all non-parties except Fleetwood. That said, evidence the parties have obtained from REV Group, as successor-in-interest to Fleetwood's assets, and testimony on that evidence may still be relevant to the fact-finder's determination of Fleetwood's comparative fault.

### 2. State of the Art

Plaintiffs also seek summary judgment on Defendants' affirmative defense that their design was state of the art. (*See* Doc. 16, First Am. Answer and Aff. Defenses at 7.) Plaintiffs base this aspect of their Motion (MSJ at 8) entirely on the argument that Mr. Keough's testimony is inadmissible under Rules 403 and 702, with which the Court

disagrees, as discussed *supra*. Accordingly, the Court will deny this aspect of Plaintiffs' Motion for Summary Judgment.

**IT IS THEREFORE ORDERED** denying Plaintiffs' Motion to Preclude Testimony of James J. Keough, Jr. (Doc. 83).

**IT IS FURTHER ORDERED** granting in part and denying in part Plaintiffs' Motion for Partial Summary Judgment on Defendants' Affirmative Defenses: (1) Comparative Fault of Non-Parties, and (2) State of the Art (Doc. 85). Plaintiffs are not entitled to summary judgment as to Defendants' State of the Art affirmative defense. Plaintiffs are entitled to summary judgment as it pertains to Defendants' affirmative defense of comparative fault of non-parties, except as to non-party Fleetwood Enterprises, Inc., for which Plaintiffs did not seek summary judgment. Evidence the parties have obtained from non-party REV Group, as successor-in-interest to Fleetwood's assets, and testimony on that evidence may still be relevant to the fact-finder's determination of Fleetwood's comparative fault.

Dated this 1st day of September, 2023.

Honorable John J. Tuchi
United States District Judge