**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Azzinaro, *et al.*, | No. CV-21-01990-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Shyft Group Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendants Shyft Group Inc. and Shyft Group USA Inc.'s Motion to Limit Testimony of Mark V. Sutherland (Doc. 81, Mot.), to which Plaintiffs Anthony Azzinaro and Kathryn Lindsay filed a Response (Doc. 91, Resp.) and Defendants filed a Reply (Doc. 93, Reply). The Court resolves this Motion without oral argument. LRCiv 7.2(f).

**I.    BACKGROUND**

On October 27, 2019, Plaintiffs were driving their Recreational Vehicle ("Subject RV") on the freeway in Cochise County, Arizona, when the front passenger-side tire ruptured and the Subject RV burst into flames, causing severe injuries to Plaintiffs. (Doc. 1-1, Compl.) Plaintiffs claim the Subject RV's fuel fill line was "unprotected," and the tire blowout knocked the fuel fill line from the fuel tank, causing the fire and Plaintiffs' injuries. (Compl. ¶ 30.) Defendants designed and manufactured the Subject RV's chassis.

Plaintiffs raise two claims against Defendants based on their design of the allegedly unprotected fuel line and its placement: (1) Strict product liability for a design defect, and

(2) Negligence in the design of the Subject RV's chassis. (Compl. ¶¶ 35–49.) Defendants now ask the Court to preclude certain testimony of Mark V. Sutherland, Plaintiffs' expert as to the cause and origin of the fire.

## II.     LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.* (*Daubert*), 509 U.S. 579, 589 (1999). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592–93. Factors to consider in this assessment include: whether the methodology can be tested; whether the methodology has been subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593–94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is applicable to testimony concerning scientific and non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). However, the *Daubert* factors may not apply to testimony that depends on knowledge and experience of the expert, rather than a particular methodology. *U.S. v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (citation omitted) (finding that *Daubert* factors do not apply to police officer's testimony based on 21 years of experience working undercover with gangs). An expert qualified by experience may testify in the form of opinion if his or her experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579.

The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire Co.*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted).

### III.   ANALYSIS

In their Motion, Defendants argue that the Court should preclude Mr. Sutherland's testimony because it lacks the requisite reliability by failing to employ the proper methodology or rely on adequate testing or data. To begin with, Mr. Sutherland is qualified to testify as to the cause and origin of a vehicle fire based on his education and abundant experience, and Defendants do not argue otherwise.

Defendants first contend that Mr. Sutherland's testimony should be limited to fire cause and origin, and he should not be permitted to offer opinions on "accident reconstruction," such as whether "a partially separated tire tread" can "lop up profusely spilling diesel fuel . . . onto a hot surface like brake drums." (Mot. at 9.) But as a matter of the reliability of his opinions, Mr. Sutherland must consider the facts of and evidence surrounding the Subject RV's accident to determine how the fire started. Indeed, an examination of fire cause and origin without considering such facts and evidence—an examination conducted "in a vacuum"—would be far more subject to a credibility attack. The Court is not convinced that the accident facts and data Mr. Sutherland cited and relied upon were somehow beyond his comprehension, expertise or experience.

Plaintiffs also point out that Mr. Sutherland's opinion as to the first fuel of the fire goes far beyond the snippets quoted and challenged by Defendants in their Motion, and the Court agrees. (Resp. at 4, 7-8 (quoting Mr. Sutherland's report and deposition that, among other factors, diesel fuel is a combustible liquid that ignites and burns quickly, consistent with the facts of the accident, and diesel fuel would have coated the hot wheel, tire, and surrounding area when it spilled and could be ignited by sparks caused by metal-to-road

surface contact)). To the extent Defendants question Mr. Sutherland's conclusions about the first fuel based on the facts of and evidence surrounding the accident, Defendants can robustly cross-examine him.

Defendants also challenge the reliability of Mr. Sutherland's ignition source opinion, arguing principally that Mr. Sutherland did not comply with the National Fire Protection Association's *Guide for Fire and Explosions Investigations* (NFPA 921) in evaluating the ignition source by failing to test his hypotheses and thereby rule certain possibilities out. (Mot. at 10.) Plaintiffs counter that NFPA 921 requires the identification of "the circumstances, such as failures or human action, which allowed the factors to come together to start the fire," and Mr. Sutherland accomplished this by considering, among other things, that the Subject RV's "fuel tank had just been filled to capacity shortly before the tire blowout; the location and design of the fuel fill assembly left it vulnerable to impact from a blown tire; physical evidence left at the scene indicated the fuel fill assembly and hose were in fact impacted by the blown tire and remnants; [and] a fluid trail consistent with diesel fuel characteristics (slick and slippery) began on the roadway shortly after the point where the tire blew and consistent with Plaintiffs' braking activity." (Resp. at 8 (quoting Doc. 91-1, Sutherland Report).)

With regard to the ignition source specifically, Mr. Sutherland opines that it was most likely "sparks and mechanical heat energy from a blown tire," considering facts such as "the separated tire tread was steel-belted and rapidly rotating against the road surface as Plaintiffs[] hit the brakes and eventually brought the RV to a stop, and without intact tire tread, the RV's wheel and rim would also contact the road surface." (Resp. at 10-12 (quoting Sutherland Report).) In terms of identifying and eliminating hypotheses under NFPA 921, Plaintiffs point out that "Mr. Sutherland identified an electrical failure, hot surfaces like the exhaust manifold, road debris, and an open flame from the tailpipe or smoking materials (*e.g.*, cigarettes, cigars) as other possibly ignition sources," but considering all known facts—including "inconclusive electrical arcing evidence, fire origin and burn patterns, and witness statements"—Mr. Sutherland eliminated other possibilities

and concluded the most likely ignition source was sparks generated by the blown tire. (Resp. at 10 (citing Sutherland Report).) Mr. Sutherland thereby followed the methodology of NFPA 921.

In sum, Defendants have not persuaded the Court that Mr. Sutherland used an improper methodology such that the Court should preclude his testimony as unreliable under Rule 702. The Court agrees with Plaintiffs that "[s]imply because Defendants (or their expert) disagree with Mr. Sutherland's conclusions does not render them inadmissible; instead, Defendants may challenge his opinions on cross examination and through the testimony of their own witnesses." (Resp. at 9.)

**IT IS THEREFORE ORDERED** denying Defendants' Motion to Limit Testimony of Mark V. Sutherland (Doc. 81).

Dated this 15th day of September, 2023.

Honorable John J. Tuchi
United States District Judge