**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Azzinaro, *et al.*, | No. CV-21-01990-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Shyft Group Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendants Shyft Group Inc. and Shyft Group USA Inc.'s Motion to Exclude Testimony of Stephen D. Knapp (Doc. 82, Mot.), to which Plaintiffs Anthony Azzinaro and Kathryn Lindsay filed a Response (Doc. 92, Resp.) and Defendants filed a Reply (Doc. 94, Reply). The Court resolves this Motion without oral argument. LRCiv 7.2(f).

**I.    BACKGROUND**

On October 27, 2019, Plaintiffs were driving their Recreational Vehicle ("Subject RV") on the freeway in Cochise County, Arizona, when the front passenger-side tire ruptured and the Subject RV burst into flames, causing severe injuries to Plaintiffs. (Doc. 1-1, Compl.) Plaintiffs claim the Subject RV's fuel fill line was "unprotected," and the tire blowout knocked the fuel fill line from the fuel tank, causing the fire and Plaintiffs' injuries. (Compl. ¶ 30.) Defendants designed and manufactured the Subject RV's chassis.

Plaintiffs raise two claims against Defendants based on their design of the allegedly unprotected fuel line and its placement: (1) Strict product liability for a design defect, and

(2) Negligence in the design of the Subject RV's chassis. (Compl. ¶¶ 35–49.) Defendants now ask the Court to exclude the testimony of Stephen D. Knapp, Plaintiffs' expert as to the Subject RV's chassis and fuel system design as well as the source and cause of the fire.

## II.   LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.* (*Daubert*), 509 U.S. 579, 589 (1999). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592–93. Factors to consider in this assessment include: whether the methodology can be tested; whether the methodology has been subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593–94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is applicable to testimony concerning scientific and non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). However, the *Daubert* factors may not apply to testimony that depends on knowledge and experience of the expert, rather than a particular methodology. *U.S. v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (citation omitted) (finding that *Daubert* factors do not apply to police officer's testimony based on 21 years of experience working undercover with gangs). An expert qualified by experience may testify in the form of opinion if his or her experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579.

The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire Co.*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted).

## III.   ANALYSIS

In their Motion, Defendants argue that the Court should exclude Mr. Knapp's testimony because he lacks the requisite experience to offer his opinions and his testimony is unreliable as it does not depend on adequate testing or data.

Mr. Knapp offers six overarching opinions in his report, five concerning the adequacy of the design and manufacture of the fuel fill assembly and chassis, and one concerning the cause of the fire, that is, his opinion that the tire blowout damaged the fuel fill assembly, spilling diesel fuel which ignited as the Subject RV came to a stop. (Doc. 92-1, Knapp report at 1–2.) Beginning with the question whether Mr. Knapp has experience relevant to his proffered testimony, Defendants contend that Mr. Knapp has no experience in the design or manufacture of RVs, let alone the fuel fill system in the chassis of the Subject RV, and his work as a forensic engineer does not qualify him as an expert in RV design and manufacture. (Mot. at 2.) In response, Plaintiffs provide Mr. Knapp's Declaration, in which he supplements his report by providing further details regarding his "hands-on" experience. (Doc. 92-2, Knapp Decl.) Plaintiffs point out that Mr. Knapp has operated a Class C RV for personal use, has experienced two tire failure incidents while driving his RV, and was three times "a project leader responsible for the design and construction of an off-road [Mini Baja] vehicle utilizing automotive design technology and standards and SAE safety requirements." (Doc. 92-2, Knapp Decl. ¶ 7; Resp. at 3.)

An examination of Mr. Knapp's CV in combination with his Declaration reveals that Mr. Knapp obtained a Bachelor of Science degree in Mechanical Engineering and has worked in the field of forensic engineering, which includes accident reconstruction, failure

analysis, and fire investigations. (Knapp report, CV.) As he states in his CV and he further details in his Declaration, his only design and manufacture experience comes from his participation as a "drag racer, having built, modified, and tuned drivetrains for the purpose of competing nationally in the Pacific Street Car Association (PCSA)," and as a "hobbyist and enthusiast of classic sports cars," where he "constructed an entire vehicle from ground up built with a modern drivetrain and fuel injection passing both licensing and emissions requirements." (Knapp report, CV.)

The Court agrees with Defendants that "Mr. Knapp is a layperson when it comes to RVs and their designs, especially their fuel systems." (Reply at 10.) He has no relevant experience in the design and manufacture of an RV such as the Subject RV, much less its chassis or fuel fill system, and has for example never designed or worked with comparable, alternative fuel fill systems for RVs that he could contrast to the fuel fill system of the Subject RV. Moreover, Mr. Knapp has no experience in the manufacture of RVs to opine on matters such as the roles and responsibilities of the chassis manufacturer versus the final stage manufacturer and adequate coordination (or "warning") between the two. (Reply at 10–11.)

Simply because Mr. Knapp has a Bachelor of Science degree in Mechanical Engineering does not qualify him to opine on the vast array of mechanical engineering issues. Nor does his work as a forensic engineer qualify him as an expert in other engineering disciplines. *See Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 839 (9th Cir. 2011) (finding expert with degree in chemistry and experience in immunology, biology, and toxicology was not qualified to offer opinion whether burning of certain solvents in metal-working creates toxins (citing with approval *Ralston v. Smith & Nephew Richards Inc.*, 275 F.3d 965, 969–70 (10th Cir. 2001) (finding an expert's lack of specialization can go to weight, not admissibility, of testimony, but only to the extent "an expert stays within the reasonable confines of his subject area"))). Mr. Knapp's personal experience operating an RV and overseeing the design of a Mini Baja vehicle does not qualify him to opine on the design and manufacture of an RV's fuel fill system either. If

such were the case, any layman who is an RV owner or car hobbyist could argue he was an expert in RV fuel system design and manufacture.

In sum, Plaintiffs have not demonstrated Mr. Knapp has the requisite expertise to reliably testify as to RV design and manufacture, including whether the fuel fill assembly was "too close to the front axle of the RV" or the fuel fill line had an adequate guard. (Knapp report at 1–2.) Indeed, Mr. Knapp bases these opinions on observations that any reasonable layperson could make, and he has not, for example, considered the fuel fill assemblies of other, comparable RVs. Likewise, Mr. Knapp is not qualified to reliably testify that the Subject RV's chassis was "defective" or that the "safety design hierarchy" was not properly applied in its design. (Knapp report at 2, 25–27.) *See Clayton v. Heil Co.*, No. CV-19-04724-PHX-GMS, 2022 WL 17404792, at *8 (D. Ariz. Dec. 2, 2022) (finding human factors expert was not qualified to reliably testify outside her expertise regarding whether the subject rear-loader refuse truck had a design defect).

Only one of Mr. Knapp's six opinions is offered within his forensic engineering expertise: "During the tire failure incident, the fuel fill assembly became damaged and detached from the subject RV due to its interaction with the tire and caused diesel fuel to be discharged from the fuel tank. The diesel fuel was ignited after the tire failure as the RV was coming to a stop." (Knapp report at 2.) This section of Mr. Knapp's report is grounded in Mr. Knapp's experience both as an accident reconstructionist and an investigator of fire origin and cause.

Defendants ask the Court to exclude the remaining opinion by arguing it is unreliable and speculative. (Mot. at 11–13.) This opinion is substantially similar to that of another of Plaintiffs' experts, Mark V. Sutherland, and the Court examined the reliability of Mr. Sutherland's opinion under Rule 702 in a separate Order (Doc. 106). Here, as there, the Court finds Mr. Knapp's opinion as to the source and cause of the fire adequately employed a reliable methodology, including by applying certain NFPA 921 guidelines, and applied the methodology to the facts of the case. Defendants may challenge Mr. Knapp's

opinion as to the source and cause of the fire on cross examination and through the testimony of their own witnesses.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendants' Motion to Exclude Testimony of Stephen D. Knapp (Doc. 82). Mr. Knapp may not offer five of his six opinions, and specifically, those regarding the adequacy of the design and manufacture of the Subject RV's fuel system, including the coordination (or "warning") between the chassis and final stage manufacturers. Mr. Knapp may testify as to the remaining opinion, that is, the source and cause of the fire.

Dated this 18th day of September, 2023.

Honorable John J. Tuchi
United States District Judge